**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norma V Jimenez Hernandez, | No. CV-21-00742-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Community College District, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss or for a More Definite Statement (Doc. 20). *Pro se* Plaintiff has filed a Response in Opposition (Doc. 30), and Defendants have filed a Reply (Doc. 31). For the following reasons, the Court grants Defendants' Motion in part.

**I.    Background**

Plaintiff filed her Complaint on April 26, 2021, and alleges she suffered from discrimination at her former job as a professor for Estrella Mountain Community College. (Doc. 1). The Complaint names Defendants Maricopa County Community College District ("MCCCD"), Estrella Mountain Community College, and eight individual Defendants, who appear to be members of the staff and faculty. (*Id.* at 2).

Plaintiff was hired to teach psychology in August 2013. (*Id.* at 3). She alleges that in September 2017, the work environment became hostile when staff neglected to pay her for her newly acquired position as "Honors and Phi Theta Kappa Director." (*Id.*) In December 2018, Plaintiff alleges she was held to a different standard than the previous

Honors Director, who was male, because she was required to meet with the dean more often than her male predecessor. (*Id.*) She alleges the hostile work environment continued into April 2018 when the College President renewed her contract "with concerns" but declined to tell Plaintiff what those concerns were. (*Id.*)

Plaintiff subsequently filed a grievance against the College President for failing to identify the concerns. (*Id.* at 4). Thereafter, Plaintiff alleges all Defendants "engaged in retaliatory behavior . . . ." (*Id.*) For example, Plaintiff alleges Defendant Kathleen Iudicello wrote fake student complaints and gave Plaintiff a negative performance review. (*Id.*) Plaintiff alleges there was a subsequent investigation into the matter and, although it showed no wrongdoing on Plaintiff's part, MCCCD refused to release the investigation. (*Id.*) Plaintiff alleges several other meritless investigations followed, including "threatening emails stating that [Plaintiff] would be terminated." (*Id.* at 5).

Finally, Plaintiff alleges she was discriminated against on the basis of sex and race because a "faculty facilitator" declined to assister her in her renewing her contract with MCCCD even though the facilitatory did help a white male do so. (*Id.*) Ultimately, Plaintiff's employment contract was not renewed in May 2019. (*Id.*)

On December 19, 2019, Plaintiff filed a Charge of Discrimination with the Arizona Attorney General. (Doc. 20-1 at 3).[1] Attached to the Complaint is a Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commissions ("EEOC") on January 27, 2021. (Doc. 1 at 7).

The Court interprets the Complaint to have raised the following claims:

- Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3[2]
- Violation of A.R.S. §§ 13-2921, 23-1501, 38-532
- Violation of the Higher Education Act

---

[1] Defendants attach a copy of the Charge of Discrimination to their Motion to Dismiss. The Court may consider this document here on a motion to dismiss as it forms part of the basis of Plaintiff's Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[2] Although the Complaint alleges violations of 42 U.S.C. § 2000-3, the Court will construe it as § 2000e-3 as there is no provision for the former. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* filings must be liberally construed).

- Wrongful Termination
- Breach of Contract

(Doc. 1 at 1–2). The Complaint seeks damages in the amount of $229,040. (*Id.* at 5).

Defendants move to dismiss the Complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 20). In the alternative, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). (*Id.*) The Court begins by addressing the Motion to Dismiss.

## II.     Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not generally require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched

as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. Discussion

As an initial matter, Defendants seek to dismiss Defendant Estrella Mountain Community College because it is a non-jural entity. (Doc. 20 at 5). Plaintiff concedes this point. (Doc. 30 at 5). Therefore, the Court will dismiss Defendant Estrella Mountain Community College with prejudice.

Next, Defendants argue that any state-law and Title VII claims Plaintiff may bring are untimely and that the Higher Education Act provides no private cause of action. The Court will first address whether Plaintiff's state-law claims are timely. Then it will address Plaintiff's federal claims under the Higher Education Act, followed by a discussion of the Title VII claim.

### a. State Law Claims and Notice of Claims

In Arizona, before suing a public entity or public employee for damages, a party must file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). If legal notice is not served within one hundred and eighty days, any state law cause of action is barred. A.R.S. § 12-821.01(A); *Manriquez v. City of Phoenix*, 2012 WL 1985640, at *2 n.1 (D. Ariz. June 4, 2012). ("The notice of claim requirement applies only to state law claims."). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006) (en banc).

Plaintiff makes two arguments as to why the Court should consider her state law claims as timely. First, Plaintiff claims that the "chief purpose" of the notice of claim statute is satisfied because Defendants had actual notice of the claim. (Doc. 30 at 7). While Defendants may have had actual notice, this alone does not satisfy the statute's requirements. *Falcon*, 144 P.3d at 1256. Second, Plaintiff states that in Arizona, an "employer cannot assert immunities personal to its employee." (Doc. 30 at 8–9) (citing *Brumbaugh v. Pet Inc.*, 628 P.2d 49, 50 (Ariz. Ct. App. 1981)). The Court infers from this

statement the argument that MCCCD may not adopt any immunities granted to its employees. However, as a public entity, MCCCD is entitled to its own protections under the notice of claim statute, as are the individual state employees. A.R.S. § 12-821.01(A). Each Defendant has its own statutorily granted protections.

The Court finds Plaintiff has not shown she timely filed a notice of claim. Her state law claims, therefore, will be dismissed with prejudice. This includes Plaintiff's claims under Arizona statute, the wrongful termination claim, and the breach of contract claim.

### b. Higher Education Act Claim

Next, the Court considers Plaintiffs Higher Education Act ("HEA") claim. Defendants argue HEA does not provide for an express or implied private cause of action against them. (Doc. 20 at 12). Plaintiff makes no argument in response.

The Ninth Circuit has held that HEA does not provide an express right of action, except for suits involving the Secretary of Education. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The Ninth Circuit has also held that HEA does not provide an implied cause of action for educational institutions against loan guarantee programs. *Id.* at 1485.

Although there is no case law specifically holding that HEA does not provide an implied cause of action for professors against their institution, it is not necessary to analyze the issue here because the Court construes Plaintiff's failure to respond as a concession. Therefore, the Court will dismiss Plaintiff's HEA claim with prejudice.

### c. Title VII Claim

The Complaint brings a Title VII claim alleging discrimination and retaliation in violation of 42 U.S.C. § 2000e-3. (Doc. 1 at 1). Defendants make three arguments why this claim should be dismissed. First, they argue that there is no individual liability under Title VII, second, that the claims are untimely, and third, that Plaintiff failed to exhaust her administrative remedies. The Court addresses each in turn.

#### i.   Individual Liability

First, Defendants argue the Court should dismiss the individual Defendants from

this claim because there is no individual liability under Title VII. (Doc. 20 at 8). Indeed, "individual defendants cannot be held liable for damages under Title VII . . . ." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Plaintiff does not dispute this. Instead, Plaintiff makes the argument that Title VII claims should allow for individual liability because other similar causes of action, such as a claim under 42 U.S.C. § 1981 or § 1983, allow for individual liability. (Doc. 30 at 6–7). Plaintiff has not alleged any claims under § 1981 or § 1983. Furthermore, in the Ninth Circuit, this issue has been decided, and the Court is bound by Ninth Circuit law. *See Miller*, 991 F.2d at 587 (holding that Title VII's statutory scheme "that Congress did not intend to impose individual liability on employees"). Therefore, the Court will dismiss the individual Defendants from Plaintiff's Title VII claim with prejudice.

### ii. Timeliness of Claim

Defendants next argue that the Title VII claim against MCCCD is untimely. Whether a Title VII claim is timely filed depends, in part, on the state in which the initial charge of discrimination is filed.

> In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Defendants make the unsupported argument that the appropriate deadline in this instance is 180 days. (Doc. 31 at 6). Their argument is plainly wrong. "[T]he EEOC in Arizona and the Arizona Civil Rights Division have a 'referral' relationship, through which the EEOC accepts charges of discrimination and automatically forwards them to the Civil Rights Division." *Davies v. Corr. Corp. of Am.*, 2011 WL 317571, at *2 (D. Ariz. Feb. 1, 2011). The Supreme Court has held that this system qualifies as initially instituting proceedings with the State. *E.E.O.C. v. Com. Off. Prod. Co.*, 486 U.S. 107, 111 (1988). Despite Defendants' assertions to the contrary, the correct time limit for filing a Title VII claim in Arizona is 300 days. *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1163 (D. Ariz.

2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017) ("The Arizona Civil Rights Division enforces a law prohibiting employment discrimination; accordingly, the 300-day time limit in Title VII applies to Plaintiff's claims.").

Applied to this matter, an unlawful practice must have happened between February 22, 2019, and December 19, 2019, when Plaintiff filed her Charge of Discrimination. Defendants concede that the May 2019 decision to not renew Plaintiff's contract falls within this timeline. (Doc. 31 at 7). However, they also argue that this decision cannot give rise to Plaintiff's Title VII claim for the reason that the termination is not alleged to be a continuation of harassment such that the continuing violation doctrine would apply. (Doc. 31 at 8).

The Continuing violation doctrine applies to Title VII claims for hostile work environment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). For hostile work environment claims, it is immaterial "that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

The Complaint alleges that Defendants created a hostile work environment in September 2017 that continued until the contract was not renewed in May 2019. (Doc. 1 at 3–5). Although Defendants argue the decision not to renew the contract in 2019 has not been explicitly alleged to be part of the continuing harassment, the Court finds that the Complaint's context plausibly states a claim for hostile work environment that includes the termination. Therefore, Plaintiff's Title VII claim for hostile work environment cannot be dismissed for the reason that it falls outside the statute of limitations.

### iii.     Exhaustion of Administrative Remedies

Finally, Defendants argue that because Plaintiff failed to raise claims relating to race, color, or religion in her charge to the EEOC, they must be dismissed with prejudice. (Doc. 20 at 8–9). Plaintiff's Charge of Discrimination alleged discrimination based on sex,

national origin, and retaliation. (Doc. 20-1 at 2). Plaintiff concedes that she did not present any claims related to color or religion to the EEOC. (Doc. 30 at 7). However, Plaintiff does argue that she presented claims related to race in her rebuttal response to the EEOC. (*Id.*)

District courts only have jurisdiction over Title VII claims that are "like or reasonably related" to an EEOC charge's allegations. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). Plaintiff's claims of discrimination based on race and color are reasonably related to her allegations that Defendants discriminated against her for being Hispanic. But Plaintiff's claim of discrimination based on religion is not supported by any allegations in the Complaint or EEOC charge. Therefore, the Court will dismiss Plaintiff's claims to the extent they allege discrimination based on religion with prejudice.

**IV.   More Definite Statement**

In the event that any of Plaintiff's claims survive their Motion to Dismiss, Defendants move for a more definite statement of Plaintiff's claims. (Doc. 20 at 13). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court finds that Plaintiff's Complaint is not so vague or ambiguous that Defendants could not reasonably prepare a response. Therefore, Defendants' Motion for a more definite statement is denied.

**V.   Conclusion**

In sum, the Court dismisses Plaintiff's state law claims and her HEA claim with prejudice. The Court also dismisses Defendant Estrella Mountain Community College from this matter with prejudice. As to Plaintiff's Title VII claim, the Court dismisses the individual Defendants with prejudice, and, as there are no remaining claims against the individual Defendants, the Court will dismiss them from this matter.

The Court denies Defendants' request to dismiss Plaintiff's Title VII claim in its entirety. The Title VII hostile work environment claim may proceed, except it may not be based upon allegations of religious discrimination.

Finally, the Court recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[3] Plaintiff is also advised of the Free Self-Service Clinic at the Phoenix courthouse.[4] Plaintiff should also familiarize herself with the Local Rules of Civil Procedure as well as the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **granted** in part as set forth in this Order. Plaintiff's state law claims and her HEA claim shall be **dismissed** with prejudice. Defendant Estrella Mountain Community College shall be **dismissed** with prejudice. Defendants Maria Harper-Marinick, Ernest Lara, Reynaldo Rivera, Heather Weber, Teofilo Ferrer, Kathleen Iudicello, Sylvia Orr, and Kelly Loucy shall be **dismissed**.

Dated this 10th day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

[3] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

[4] For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *Information for Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self-Service Center Phoenix*.